### McKEAN v. ADAMS.[1]

(City Court of New York, General Term.  February 8, 1894.)

APPEAL—SETTING ASIDE SETTLEMENT OF CASE.
    A trial judge has a right to set aside settlement of case on appeal where he was induced to settle it by deception and suppression of the truth by appellant's attorney.

Appeal from special term.

Action by Bernard S. McKean, as assignee of the firm of Bullard & Shannon, against Charles N. Adams, to recover the sum of $250 alleged to be due for services rendered to defendant by plaintiff's assignors, as attorneys at law. A verdict was rendered in favor of plaintiff for $50, and from the judgment entered thereon, and from an order denying a motion for a new trial, plaintiff appealed. The trial judge, after settlement of the case on appeal, vacated and set aside the same on defendant's motion, and from said order plaintiff appeals. Affirmed.

Argued before VAN WYCK and FITZSIMONS, JJ.

E. G. Bullard, (E. F. Bullard, of counsel,) for appellant.

Booream, Hamilton & Beckett, (William H. Hamilton and Henry M. Ward, of counsel,) for respondent.

FITZSIMONS, J.  Evidently, the trial justice made the order appealed from because he believed that he was induced to settle the case on appeal by deception and suppression of the truth on the part of the appellant's attorney. Under such circumstances it was not alone his right, but his duty, to make such an order; so that no injustice might be done respondent because of an incorrect and false record by the appellate court. The order is affirmed, with costs and disbursements.